UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APEX BANK<br>        Plaintiff<br><br>VERSUS<br><br>PHYLLIS SEA, a/k/a T.WILL, its engines, tackle, furniture, equipment, and all other necessaries thereunto appertaining and belonging, *In Rem*,<br>        Defendant | CIVIL ACTION NO.<br><br>DIVISION:    SECTION:<br><br>JUDGE<br><br>MAGISTRATE<br><br>ADMIRALTY<br>Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |

## **VERIFIED COMPLAINT**

The Plaintiff, Apex Bank ("Apex"), submits the following Verified Complaint.

### **JURISDICTION AND VENUE**

1.

This is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Apex brings this action pursuant to 28 U.S.C. §1333 and 46 U.S.C. §31325.

2.

The claim asserted against the vessel, Phyllis Sea a/k/a T.Will, is within the jurisdiction and venue of this Court because the vessel is or will during the pendency of this action be present in the Eastern District of Louisiana and subject to arrest within the District to enforce Plaintiff's maritime lien in accordance with the provisions of 46 U.S.C. §31325 and §31326 and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## PARTIES

3.

Plaintiff, Apex, is a Tennessee state bank with its principal place of business in Knoxville, Tennessee, and is the successor to the Federal Deposit Insurance Corporation ("FDIC") as Receiver for First NBC Bank, the mortgagee and lender identified in the Promissory Notes and Mortgage (as defined below) being foreclosed upon in this action, and in other instruments referenced below.

4.

The vessel, Phyllis Sea a/k/a T.Will, an *in rem* defendant, is a 1978 fiberglass AMF Hatteras Yacht, bearing Official Number 594805, Louisiana Registration Number LA7538FW, with a gross tonnage of 28 tons, net tonnage of 28 tons, approximate dimensions of L=46.1 feet, B=14.8 feet; D=6.3 feet, including its engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appearing and belonging (the "Phyllis Sea"), which is currently located in the District at or around 54519 Hwy 433 Old Spanish Trail Rd., Slidell, LA., St. Tammany Parish, Louisiana.

## FACTUAL ALLEGATIONS
## ARREST OF VESSEL

5.

The vessel, Phyllis Sea, is presently owned by Gary C. Landrieu ("Mr. Landrieu"), a person of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana, and said vessel is now afloat in St. Tammany Parish, State of Louisiana, within the Eastern District of Louisiana and the jurisdiction of this Honorable Court.

6.

Mr. Landrieu and his entities, Rigolet's Marina, Inc. d/b/a Pelican Pont Yacht Club ("Rigolets Marina"), and Landrieu "Pelican Pointe" Construction, Inc. ("Landrieu Construction"), are justly, truly, and legally obligated and indebted unto Apex, *in solido*, in the following amounts:

    a)    The principal sum of Nine Hundred Fifty Two Thousand Nine Hundred Thirty Six and 73/100 ($952,936.73) Dollars, plus accrued interest thereon through November 4, 2019, in the amount of Seventy Thousand Seven Hundred Eighty Eight and 32/100 ($70,788.32) Dollars, plus interest continuing to accrue on the unpaid principal balance commencing November 5, 2019, at a per diem of $158.82, until paid, plus late charges of Eleven Thousand Eight Hundred Twenty Five and 94/100 ($11,825.94) Dollars, plus other fees of Seventy Six Thousand Four Hundred Thirty One and 64/100 ($76,431.64) Dollars;

    b)    The principal sum of Five Hundred Nine Thousand Eight Hundred Sixty Five and 31/100 ($509,865.31) Dollars, plus accrued interest thereon through November 4, 2019, in the amount of One Hundred Sixty Two Thousand Nine Hundred Thirty Nine and 16/100 ($162,939.16) Dollars, plus interest continuing to accrue on the unpaid principal balance commencing November 5, 2019, at a per diem of $254.93, until paid, plus late charges of Two Hundred Fifty and No/100 ($250.00) Dollars; and

    c)    The principal sum of Three Hundred Eighty Eight Thousand Two Hundred Eighty Six and 30/100 ($388,286.30) Dollars, plus accrued Interest thereon through November 4, 2019, in the amount of Forty Four Thousand Five Hundred Twenty Six and 14/100 ($44,526.14) Dollars, plus interest continuing to accrue on the unpaid principal

balance commencing November 5, 2019, at a per diem of $64.71, until paid, plus late charges of One Thousand Seven Hundred Ninety Four and 76/100 ($1,794.76) Dollars;

    d)    Plus, reasonable attorneys' fees, plus all collection costs, whether owing now or to become due and owing, plus all costs of this proceeding;

The balances stated above are the totals after the application of the following credits: (i) $283,333.34 applied to the principal balance of loan no. 92576600 in connection with the foreclosure of the leasehold interest; (ii) $8,394.98 applied to the principal balance of loan no. 9257660 in connection with the movables sold at sheriff's auction; (iii) $23,904.38 applied to the principal balance of loan no. 92548200, and (iv) $9,492.32 applied to recover costs of sheriff's sale.

7.

The foregoing indebtedness is evidenced by the following:

    a)    U.S. Small Business Administration Note, dated March 31, 2010, executed by Rigolet's Marina in the sum of ONE MILLION THREE HUNDRED THOUSAND AND NO/100 ($1,300,000.00) DOLLARS, payable to the order of First NBC Bank, due and payable with interest, and modified pursuant to the terms of those certain Note Modification Agreements dated June 29, 2011, October 7, 2013, June 6, 2014, September 25, 2014, and September 26, 2016, and endorsed by the Federal Deposit Insurance Corporation to Apex by Allonge dated November 6, 2017, all as more fully described therein (hereafter referred to as "Note 1"). True and correct copies of Note 1, the Note Modification Agreements, and the Allonge are attached collectively as *Exhibit 1*.

    c)    U.S. Small Business Administration Note, dated December 8, 2011, executed by Rigolet's Marina in the sum of FOUR HUNDRED TEN THOUSAND AND NO/100 ($410,000.00) Dollars, due and payable with interest, and modified pursuant to

the terms of those certain Note Modification Agreements dated March 27, 2013, October 7, 2013, June 6, 2014, September 25, 2014, and September 26, 2016, and endorsed by the Federal Deposit Insurance Corporation to Apex by Allonge dated November 6, 2017, all as is more fully described therein (hereafter referred to as "Note 2"). True and correct copies of Note 2, the Note Modification Agreements, and the Allonge are attached collectively as *Exhibit 2*.

        d)      Promissory Note, dated September 29, 2014, executed by Rigolet's Marina in the sum of TWO HUNDRED THOUSAND AND NO/100 ($200,000.00) Dollars, due and payable with interest, and modified pursuant to the terms of those certain Change in Terms Agreements dated April 29, 2015, October 21, 2015, March 14, 2016, August 31, 2016, and December 15, 2016, and endorsed by the Federal Deposit Insurance Corporation to Apex by Allonge dated November 6, 2017, all as is more fully described therein (hereafter referred to as "Note 3"). True and correct copies of Note 3, the Change in Terms Agreements, and the Allonge are attached collectively as *Exhibit 3*.

8.

The indebtedness of Rigolet's Marina to Apex, as evidenced by Note 1, Note 2, and Note 3, (hereafter collectively "the Notes") is guaranteed, *in solido*, pursuant to the terms of those certain Commercial Guaranties separately executed by Mr. Landrieu on March 11, 2011 and August 31, 2016 (hereafter collectively referred to as "the Guaranties"). True and correct copies of the Guaranties are attached collectively as *Exhibit 4*.

9.

The indebtedness of Mr. Landrieu is secured by, *inter alia*, the following three Preferred Ship Mortgages on the vessel, Phyllis Sea, each of which grant to Apex a first preferred maritime mortgage and lien on the whole of the vessel, Phyllis Sea:

a) Preferred Ship Mortgage, dated March 31, 2010, on 100% of the Phyllis Sea, Official No. 594805, executed by Gary C. Landrieu in favor of First NBC Bank ("Mortgage 1");

b) Preferred Ship Mortgage, dated December 8, 2011, on 100% of the Phyllis Sea, Official No. 594805, executed by Gary C. Landrieu in favor of First NBC Bank ("Mortgage 2");

c) Preferred Ship Mortgage, dated July 17, 2012, on 100% of the Phyllis Sea, Official No. 594805, executed by Gary C. Landrieu in favor of First NBC Bank ("Mortgage 3");

(collectively referred to herein as the "Mortgages"). A true and correct copy of the Mortgages are attached collectively as *Exhibit 5*.

10.

The Mortgages were duly recorded with the United States Coast Guard at the National Vessel Documentation Center as follows:

a) Mortgage 1 was recorded on April 13, 2010, at 10:49 am, at Batch No. 739331, Doc. ID No. 111849065;

b) Mortgage 2 was recorded on December 21, 2011, at 11:55 am, at Batch No. 840741, Doc. ID No. 14511708;

c) Mortgage 3 was recorded on July 17, 2012, at 12:45 pm, at Batch No. 878851, Doc. ID No. 15453243;

The records of the United States Coast Guard, National Vessel Documentation Center show the name of the vessel, the names of the parties to the mortgage, the time and date of the reception of the mortgage, the interest in the vessel mortgaged, the amount and date of maturity of the mortgage in accordance with 46 U.S.C. §31301, *et seq*. A true and correct copy of the abstract of title and Certificate of Documentation of the Phyllis Sea is attached hereto as ***Exhibit 6***, and incorporated herein by reference.

11.

The FDIC and Apex executed that certain *Assignment of Notes, Security Agreements, and Loan Documents* ("Assignment") effective as of October 18, 2017, which is recorded in the mortgage records of Orleans Parish at Instrument Number 1275480. In this Assignment, the FDIC assigned to Apex all of the FDIC's right, title, and interest in and to, *inter alia,* the Notes, Mortgages, and Guaranties. A certified true copy of this Assignment is attached as ***Exhibit 7***.

12.

At all material times, the Phyllis Sea was and is a vessel of the United States, duly documented under the laws of the United States.

13.

By virtue of the Mortgage and pursuant to the provisions of 46 U.S.C. §31321, *et seq.*, Apex has a lien upon the Defendant vessel, Phyllis Sea.

14.

After amicable demand, all makers, *in solido* endorsers and guarantors, including Mr. Landrieu, have failed to pay the all sums presently due and owing under the terms of the Notes and the Guaranties, and have otherwise defaulted in the performance of their obligations to Apex.

15.

As a result of the above described default, Apex is entitled to enforce its lien on the Defendant vessel, Phyllis Sea, by foreclosure of the Mortgages and the sale of the vessel in satisfaction of the indebtedness and Apex's lien.

16.

The indebtedness described hereinabove is or may also be secured by other security and/or collateral documents executed by, *inter alia*, Rigolet's Marina, Landrieu Construction, Mr. Landrieu, or others in favor of Apex or First NBC Bank, its successors and assigns. Therefore, Apex specifically reserves all of its rights against: (i) Rigolet's Marina, Landrieu Construction, and Mr. Landrieu for any indebtedness not being sued upon herein and all makers, co-makers, endorsers, guarantors, and solidary obligors of the indebtedness not being sued upon herein and against any persons, firms or corporations who may be liable in whole or in part for the indebtedness, and (ii) all makers, co-makers, endorsers, guarantors and solidary obligors of the indebtedness being sued upon herein and against any person, firms or corporations who may be liable in whole or in part for the indebtedness.

17.

Apex further specifically reserves its rights: (i) to foreclose upon and otherwise enforce its rights in any and all other collateral securing all or part of the indebtedness being sued upon herein, and (ii) to foreclose upon and otherwise enforce its rights in any or all other collateral securing all or part of the indebtedness not being sued upon herein.

WHEREFORE, Plaintiff, Apex Bank, demands judgment against Defendant vessel, Phyllis Sea:

A. That process of arrest in due form of law according to the practices of this Court in causes of Admiralty and Maritime jurisdiction issue against the Phyllis Sea, together with any and all present and future engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging thereto;

B. That all persons claiming a lien, interest, or right of possession in the Phyllis Sea be cited to appear and answer under oath all matters in this Complaint, and barred and foreclosed of all right, title, claim, lien, or interest in and to the Phyllis Sea except the right to redeem the same before sale, as provided by law;

C. That the Mortgage be declared valid, subsisting, and a first preferred lien upon the Phyllis Sea, together with any and all present and future engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging thereto, prior and superior to the interest, liens, claims of any and all other persons, firms, or entities whatsoever, except such persons, firms or entities as may hold superior preferred liens on the said vessel;

D. That judgment be entered against the Vessel, Phyllis Sea, *in rem*, in favor of Plaintiff in the principal amount of $1,851,088.34, together with accrued interest of $278,253.62, as of November 4, 2019, with interest accruing thereafter at a variable rates, plus accruing late charges and other fees, plus recovery of Plaintiff's attorneys' fees, plus court costs of the arrest and sale, collection and recovery costs, forced-placed insurance premiums, and such other amounts as may become due and owing;

E.     That judgment be entered for foreclosure of the Mortgage and for the seizure, condemnation, arrest, and sale of the Phyllis Sea to satisfy the demand and claims herein in accordance with law;

F.     That judgment be rendered reserving unto Plaintiff all of its rights: (i) against Defendant for any indebtedness not being sued upon herein, and any and all makers, co-makers, endorsers, guarantors, and solidary obligors of the indebtedness not being sued upon herein and against any persons, firms or corporations who may be liable in whole or in part for the indebtedness; (ii) against all makers, co-makers, endorsers, guarantors and solidary obligors of the indebtedness being sued upon herein and against any person, firms or corporations who may be liable in whole or in part for the indebtedness; (iii) to foreclose upon and otherwise enforce its rights in any and all other collateral securing all or part of the indebtedness being sued upon herein; and (iv) to foreclose upon and otherwise enforce its rights in any or all other collateral securing all or part of the indebtedness not being sued upon herein;

G. That this Court grant to Plaintiff such other and further relief as it deems just and proper.

                Respectfully submitted:

                CARVER, DARDEN, KORETZKY, TESSIER,
                FINN, BLOSSMAN & AREAUX LLC

By: _____
David F. Waguespack (LA Bar No. 21121) (T.A.)
J. Patrick Gaffney (LA Bar No. 1893)
Stephen P. Scullin (LA Bar No. 30717)
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801
scullin@carverdarden.com

**Counsel for Plaintiff, Apex Bank**